UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDRE DURR,

          Plaintiff,                      Case No. 1:23-cv-922

v.                                            Honorable Paul L. Maloney

BERRIEN COUNTY JAIL,

          Defendant.
_____/

**OPINION**

This is a civil rights action brought by a county inmate under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.    Factual Allegations**

Plaintiff is presently incarcerated at the Berrien County Jail (BCJ) in St. Joseph, Michigan, and he sues the BCJ as the only Defendant. Plaintiff's complaint takes the form of a letter addressed

to "whom my thoughts concern." (ECF No. 1, PageID.1.) Plaintiff alleges that his rights are being violated and that he needs help. (*Id.*)

Plaintiff asserts that he has "been in the hole" for almost his entire time at BCJ. (*Id.*) Plaintiff alleges that he did not waive his preliminary examination, and that he was found incompetent. (*Id.*) He argues that the 180-day speedy trial period has passed, and that "whoever [is] in charge has failed to make sure [he] get[s] to the forensic place in a timely manner." (*Id.*) Plaintiff has written to his attorney and the prosecutor "multiple times" about these issues, but has not received a response back. (*Id.*)

Plaintiff goes on to allege that his court papers have been taken from him and thrown away by BCJ officers. (*Id.*) He was in an altercation with another inmate, during which his left elbow was dislocated, and was refused medical attention. (*Id.*) Plaintiff also believes that his food has been tampered with. (*Id.*)

Plaintiff states that he would like to file a lawsuit against BCJ for: (1) excessive force; (2) failure to provide medical attention; (3) "intolerable jail conditions [and practices]"; (4) inhumane treatment; (5) "[his] time wasted"; (6) mental and emotional stress; (7) "injurious falsehood"; (8) false arrest; (9) false imprisonment; (10) malicious prosecution; (11) abuse of process; (12) due process violations; (13) intentional infliction of emotional distress; (14) "fraud and discrimination"; and (15) speedy trial violations. Plaintiff does not specify what relief he seeks.

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff has named the BCJ as the sole Defendant in this case. A county jail, however, is a building that houses prisoners and pretrial detainees and is not a "person" capable of being sued under § 1983. *See Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016

3

WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases). For that reason alone, Plaintiff's complaint is subject to dismissal.

The BCJ is an agency of Berrien County. Even if the Court assumed that Plaintiff intended to sue Berrien County, and the Court substituted that entity as a defendant instead of the BCJ, the complaint would still fall short. The county may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the county. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508. Plaintiff's complaint is devoid of any allegations suggesting that his alleged constitutional injuries were the result of an official policy or custom employed by Berrien County or the BCJ. Thus, if Plaintiff named Berrien County as a defendant, any claims against the County would be properly dismissed. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of custom or policy was conclusory, and plaintiff failed to state facts supporting the allegation).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   September 29, 2023                                /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           United States District Judge